**The below described is SIGNED.**

(ts)

**Dated: September 16, 2011**

_____
WILLIAM T. THURMAN
U.S. Bankruptcy Chief Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| In re:<br><br>RONALD F. BAILEY<br>MARY LYNN BAILEY<br><br>Debtors. | Case No. 10-32980<br>Chapter 13<br>Judge William T. Thurman<br>(Confirmation Hearing: *09/01/11 at 3:00 PM*) |
|---|---|

**ORDER CONTINUING CONFIRMATION HEARING**
**FOLLOWING CONTESTED CONFIRMATION HEARING**

A hearing on confirmation of the Chapter 13 plan came before this Court on *09/01/11 at 3:00 PM*. Kevin R. Anderson, Chapter 13 Trustee, appeared personally or by counsel and other parties, if any, made their appearances on the record. Based on the representations of counsel and the Trustee, and having determined that all requirements for confirmation have NOT been met, the Court hereby ORDERS:

1. The confirmation hearing in this case is continued to Tuesday, November 1, at 2:00 p.m. If the plan is not confirmed at this hearing, the Court will dismiss the case.

2. On or before Thursday, September 8, 2011, the Debtors shall file with the applicable taxing authorities all due and owing tax returns and provide a copy of such returns to the Chapter 13 trustee.

3. On or before Thursday, September 8, 2011, the Debtors shall file with the court an amended Schedule E.

Filed: September 6th, 2011

4. Before the next confirmation hearing, the Debtors shall address and resolve the following issues:

    a. The plan provides for direct payments on the nonpriority unsecured claim of AXA Equitable while providing disparate treatment as to all other allowed nonpriority unsecured claims. This raises various issues including but not limited to compliance with 11 U.S.C. § 1322(b)(1) and § 1325(a)(3). The Debtors must resolve these issues.

    b. The Debtors objected to the asserted secured claim of Toyota Motor Credit (POC No. 2-1) but have not avoided the asserted lien of this creditor against the 2010 Toyota RAV4. Furthermore, the plan proposes to directly pay this creditor. The Debtors must resolve these inconsistencies.

    c. The Debtors residence listed on Schedule A appears to be titled in the name of R&M Bailey LLC, which raises issues regarding property of the estate, treatment of any claims secured by the residence, and the assertion of a homestead exemption in the residence. The Debtors must resolve these issues.

    d. At the confirmation hearing, parties-in-interest raised objections to certain income and expenses on the Debtors' most recently-filed Schedules I & J. Parties also raised objections as to the feasibility of the plan based on the presently-proposed plan payment. Schedules I & J also show Monthly Net Income that is greater than the proposed plan payment. The Debtors must resolve these objections or obtain a ruling from the Court.

**END OF DOCUMENT**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Order was served by ECF (as indicated below) or addressed to the following persons and deposited in the U.S. Mail, first-class postage prepaid, on the 6th day of September 2011. Pursuant to Rule 9021-(c), Local Rules of Practice of the United States Bankruptcy Court for the District of Utah, persons who appeared at the hearing, and who have not otherwise approved the Order, shall have eight (8) days from the date of service to file an objection to the form of the Order. If an objection is not timely filed, the Order shall be deemed approved, and the Court may enter the Order.

Brian W. Steffensen
ECF NOTIFICATION

CONSTRUCTION CAPITAL
C/O MORGAN CUMMINGS
ECF NOTIFICATION

US BANK
C/O STEVEN T. WATERMAN
ECF NOTIFICATION

_____/s/_____
Office Chapter 13 Trustee

## COURT SERVICE LIST

KEVIN R. ANDERSON
STANDING CHAPTER 13 TRUSTEE
ECF NOTIFICATION

Brian W. Steffensen
ECF NOTFICATION

RONALD F. BAILEY
MARY LYNN BAILEY
9909 S MUMFORD
SANDY, UT 84094

CONSTRUCTION CAPITAL
C/O MORGAN CUMMINGS
ECF NOTIFICATION



US BANK
C/O STEVEN T. WATERMAN
ECF NOTIFICATION