Steven T. Waterman (4164)
Scott A. Cummings (11443)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email:  waterman.steven@dorsey.com
          cummings.scott@dorsey.com

*Attorneys for U.S. Bank National Association as
Successor in Interest to First Community Bank*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>RONALD AND MARY BAILEY<br><br>Debtors. | Bankr. Case No. 10-32980 WTT<br>Chapter 13<br><br>[FILED ELECTRONICALLY] |

**OBJECTION TO CHAPTER 13 PLAN DATED OCTOBER 3, 2011**

U.S. Bank National Association ("U.S. Bank"), as successor in interest to First Community Bank ("First Community Bank"), by and through its counsel Dorsey & Whitney LLP, hereby files this objection to confirmation of the latest Chapter 13 Plan dated October 3, 2011 [Docket No. 127] (the "Plan") filed in the above-captioned case by Ronald and Mary Bailey (collectively, the "Debtors").  In further support hereof, U.S. Bank states as follows:

**INTRODUCTION**

At a hearing on the Debtors' prior plan of reorganization held on September 1, 2011—the fifth such hearing on the Debtors' various proposed plans of reorganization—the Court

instructed the Debtors to resolve certain issues with respect to their latest plan of reorganization. As set forth in the Order entered on September 7, 2011, the Debtors were required, among other things, (1) to explain why they claim to own their residence, for which they are seeking an exemption, on their Schedule A despite the fact that the property records show the home owned by a trust owned by the Debtors but also not listed on their Schedules; (2) explain why AXA Equitable should be able to receive direct payments on account of its unsecured claims, while other unsecured claimants are separately classified and treated differently; (3) explain why the Debtors have objected to the claim of Toyota Motor Credit but are proposing to pay Toyota's claim directly in the plan; and (4) to resolve the various objections filed to the plan of reorganization.  The Debtors have failed to comply with this Order.

The Debtors are yet again seeking confirmation of a Plan that contains fatal flaws and that cannot be confirmed under the Bankruptcy Code.  Despite precise instructions from this Court in its latest Order, the Debtors have once again failed to correct the deficiencies in their Plan.  Indeed, the Debtors and their counsel seem to believe that if they keep filing the same plan over and over again it will eventually get confirmed.  Accordingly, the Court should deny confirmation of the Debtors' Plan.

**JOINDER AND INCORPORATION**

U.S. Bank hereby joins in the objections to the Plan filed by Kevin Anderson, as Chapter 13 Trustee [Docket No. 130] and Construction Capital Lending, Inc. [Docket No. 131], and incorporates such objections herein to the extent applicable.  U.S. Bank also hereby incorporates herein its previous objections to the Debtors' prior plans of reorganization to the extent applicable.

**OBJECTION**

The Court should deny the Debtors' Plan because it was not filed in good faith and fails to comply with the requirements set forth in 11 U.S.C. § 1322(b)(1). The Debtors' Plan improperly seeks to classify the claims of certain unsecured creditors, including U.S. Bank, in such a way as to deny them payment on account of their claims without justification. Further, the Debtors' Plan is based in part on improper exemptions for real property not owned by the Debtors, and the Debtors have failed to explain adequately how certain creditors are being treated.

**1.       The Debtors' Plain Unfairly Discriminates Against U.S. Bank**

Notwithstanding various opportunities to fix this issue, the Debtors' Plan continues to unfairly discriminates against U.S. Bank. Section 1322(b)(1) provides that a plan may "designate a class or classes of unsecured claims, as provided in section 1122 of this title, *but may not discriminate unfairly against any class so designated*." 11 U.S.C. § 1322(b)(1) (emphasis added). In determining whether separate classification unfairly discriminates, courts will find that classification is appropriate if the following four factors have been met:

1. The discrimination has a reasonable basis,
2. The debtor cannot carry out a plan without such discrimination,
3. The discrimination is proposed in good faith, and
4. The degree of discrimination is directly related to the basis or rationale for the discrimination.

*In re Whitelock*, 122 B.R. 582, 589 (Bankr. D. Utah (1990) (Boulden, J.) (citing *Amfac Distrib. Corp. v. Wolff (In re Wolff))*, 22 B.R. 510 (B.A.P. 9th Cir. 1982)). The Debtors have failed to allege, let alone establish, any of these factors.

Apparently, the only basis for the Debtors' separate classification of U.S. Bank's claim is the Debtors' denial that they owe U.S. Bank based on setoff claims and other unidentified claims for damages.[1]  *See* Plan at § 3.  In short, the Debtors' justification for separate classification amounts to an argument regarding timing: because the state court proceeding involving the Debtors and U.S. Bank has not been resolved yet, U.S. Bank should be subordinated to and treated differently than other unsecured creditors even if its claim is ultimately adjudged to be valid.  This argument is unreasonable and insufficient to justify the separate classification of U.S. Bank's claim.  The fact that a creditor such as U.S. Bank may have its claim ultimately adjudged to be valid yet will be subordinated to and treated differently than other general unsecured creditors simply because of timing issues is completely unreasonable and evidences that the Plan has not been filed in good faith.

Further, the Debtors' proposed treatment of U.S. Bank's claim is disproportionate to the Debtors' basis for the discrimination.  The Debtors are proposing to pay U.S. Bank's claim, if allowed, "after prorata [sic] with the other claims in this classification after all other classes of claims are paid."  *See* Plan at § 3.  The Debtors do not identify the amount, if any, that will be available to pay the proposed subordinate claims, and the inference is that claims such as U.S. Bank's may receive nothing under the Plan even if such claim is ultimately adjudged to be valid.  The Debtors' proposal to discriminate against U.S. Bank such that the bank may not receive a distribution under the Plan even if its claim is allowed simply because U.S. Bank's claim is

---

[1]   On August 2, 2011, the state court entered an order granting judgment in favor of U.S. Bank with respect to the Debtors' first counterclaim.  U.S. Bank will shortly be moving for summary judgment on the Debtors' remaining counterclaims.

subject to a dispute at this time is unjustified and weighs conclusively against such discrimination.

2. **The Debtors' Failure to Correctly Disclosure Their Assets Further Shows Bad Faith**

The Debtors' failure to properly list their assets further shows that their Plan has been filed in bad faith. As discussed at the September 1st hearing before the Court, the real property listed on the Debtors' Schedule A is not actually owned by the Debtors but by a separate trust owned by the Debtors, which trust the Debtors have never disclosed to the Court or parties in interest. Despite this fact, the Debtors are improperly seeking an exemption based on false ownership of the home, and have failed to list their ownership interest in the Trust, in order to reduce the amount they will contribute to the Plan. The Debtors have made no effort to explain this discrepancy or to amend their schedules to provide accurate information despite the Court's Order instructing them to do so. Further, the Debtors' latest Schedules I and J filed on October 3, 2011 [Docket No. 126], show that the Debtors have significantly more disposable income than what they are offering to contribute to the Plan. The Debtors' failure to disclose their assets, their attempt to claim exemptions to which they are entitled, and their refusal to contribute their disposable income to the Plan further demonstrate that the Plan has been filed in bad faith.

3. **The Debtors' Treatment of Other Creditors Further Establishes that They are Unfairly Discriminating Against U.S. Bank**

The Debtors' own conduct likewise demonstrates that their intent is to unfairly discriminate against U.S. Bank and that they are not acting in good faith. The Debtors have admitted that they are improperly paying unsecured creditors, other than U.S. Bank, outside of the plan in violation of 11 U.S.C. § 549. Specifically, the Debtors' have been making payments to AXA Equitable and possibly others outside of any Chapter 13 plan. The Court ordered the

Debtors on September 1st to provide an explanation for why AXA Equitable should be entitled to preferential treatment among unsecured creditors. Rather than provide any such explanation, however, the Debtors have simply amended their Schedule J and the Plan to delete any reference to AXA Equitable. The Debtors have failed to fully and finally explain all payments that they have made to AXA Equitable during this bankruptcy case and how AXA Equitable is to be treated under the Plan. Likewise, the Debtors have also failed to explain the discrepancy between the objection they filed to Toyota's claim and the proposed treatment of Toyota under the Plan.[2] Accordingly, the Court should deny confirmation.

## CONCLUSION

For the reasons discussed herein, U.S. Bank respectfully requests that the Court deny confirmation of the Debtors' Plan. U.S. Bank also requests such other and further relief as is just and proper.

DATED this 28th day of October, 2011.

**DORSEY & WHITNEY LLP**

 */s/ Scott A. Cummings*
Steven T. Waterman
Scott A. Cummings

*Attorneys for US Bank National Association as Successor in Interest to First Community Bank*

---

[2] U.S. Bank reserves the right to assert any additional objections to the Plan and any future amended Plan.

-6-

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of October, 2011, a true and correct copy of the foregoing was served upon the person(s) named below in the manner so indicated.

| | |
|---|---|
| Brian W. Steffensen<br>Steffensen Law Office<br>448 East 400 South<br>Suite 100<br>Salt Lake City, UT 84111<br>Email: brian@steffensenlaw.com<br><br>*Attorney for Debtors* | ☐ U.S. Mail<br>☐ Federal Express<br>☐ Hand-Delivery<br>☐ Facsimile Transmission<br>☐ E-mail<br>☒ CM/ECF |
| David P. Billings<br>Parsons, Behle & Latimer, P.C.<br>201 South Main Street<br>Suite 1800<br>Salt Lake City, UT 84111<br>Email: dbillings@parsonsbehle.com<br><br>*Attorney for First Utah Bank* | ☐ U.S. Mail<br>☐ Federal Express<br>☐ Hand-Delivery<br>☐ Facsimile Transmission<br>☐ E-mail<br>☒ CM/ECF |
| Morgan L. Cummings<br>Hansen Wright Eddy & Haws P.C.<br>233 South Pleasant Grove Blvd<br>Suite 202<br>Pleasant Grove, UT 84062<br>Email: mcummings@centralutahlaw.com<br><br>*Attorney for Construction Capital Lending, Inc.* | ☐ U.S. Mail<br>☐ Federal Express<br>☐ Hand-Delivery<br>☐ Facsimile Transmission<br>☐ E-mail<br>☒ CM/ECF |
| Kevin R. Anderson<br>405 South Main Street<br>Suite 600<br>Salt Lake City, UT 84111<br>Email: kratrusteemail@ch13kra.com<br><br>*Chapter 13 Trustee* | ☐ U.S. Mail<br>☐ Federal Express<br>☐ Hand-Delivery<br>☐ Facsimile Transmission<br>☐ E-mail<br>☒ CM/ECF |

| | |
|---|---|
| United States Trustee<br>Ken Garff Bldg.<br>405 South Main Street<br>Suite 300<br>Salt Lake City, UT 84111 | ☐ U.S. Mail<br>☐ Federal Express<br>☐ Hand-Delivery<br>☐ Facsimile Transmission<br>☐ E-mail<br>☒ CM/ECF |

*/s/ Scott A. Cummings*